# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Sam & Ash, LLP and Samuel Mirejovsky,

      Plaintiffs

v.

The Sam Bernstein Law Firm, PLLC,

      Defendant

Case No.: 2:24-cv-02125-JAD-BNW

**Order Granting Motion to Dismiss for Want of Personal Jurisdiction**

[ECF No. 22]

      Two personal-injury law firms dispute who is allowed to tell potential clients to "call Sam."  The Sam Bernstein Law Firm is a Michigan-based personal-injury law firm that touts its services with the slogan "Call Sam."[1]  Sam Bernstein Law sent a cease-and-desist letter to the Nevada personal-injury firm Sam & Ash, warning that it would seek an injunction, statutory damages, and attorney's fees if Sam & Ash didn't agree to abandon its trademark application for the slogan "In a crash?  Call Sam & Ash" and discontinue any use of a slogan containing the phrase "call Sam" in the next ten days.[2]  Apparently unimpressed, Sam & Ash partner Sam Mirejovsky responded, "Lolz, get lost."[3]  The day before the deadline set by the letter, Sam & Ash and Mirejovsky filed this suit, seeking declaratory judgment of non-infringement under the Lanham Act and 28 U.S.C. §§ 2201 and 2202.[4]  Sam Bernstein Law subsequently sued Sam & Ash in the Central District of California[5] and now moves to dismiss this suit for lack of personal

---

[1] ECF No. 22 at 2.

[2] ECF No. 22-13.

[3] ECF No. 22-12.

[4] ECF No. 1.

[5] ECF No. 22-15.

jurisdiction.[6]  As a fallback, it argues that this suit is an improper anticipatory action and that equitable considerations support dismissal.[7]  Sam & Ash opposes the motion on all fronts, insisting that this court has specific personal jurisdiction over Sam Bernstein Law, that this is a good-faith suit not brought as an anticipatory action, and that equitable considerations favor keeping the case in Nevada.[8]  Because the record does not support this court's exercise of personal jurisdiction over Sam Bernstein Law, I grant its motion to dismiss.

## Discussion

### A.    Legal standards

The Fourteenth Amendment limits a forum state's power "to bind a nonresident defendant to a judgment of its courts,"[9] and Federal Rule of Civil Procedure 12(b)(2) authorizes a court to dismiss a complaint for lack of personal jurisdiction.  When no federal statute governs jurisdiction, "the district court applies the law of the state in which [it] sits."[10]  Because Nevada allows its courts to exercise jurisdiction "on any basis not inconsistent with . . . the Constitution of the United States,"[11] a jurisdictional analysis "ask[s] whether the exercise of jurisdiction comports with the limits imposed by federal due process."[12]

---

[6] ECF No. 22.

[7] *Id.* at 13–15.

[8] ECF No. 30.

[9] *Walden v. Fiore*, 571 U.S. 277, 283 (2014) (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980)).

[10] *Herbal Brands, Inc. v. Photoplaza, Inc.*, 72 F.4th 1085, 1089 (9th Cir. 2023) (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004)).

[11] Nev. Rev. Stat. § 14.065.

[12] *Walden*, 571 U.S. at 283 (international quotations and citation omitted).

"In opposing a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is proper."[13]  But when a motion to dismiss for lack of personal jurisdiction is based on written materials rather than an evidentiary hearing, "the plaintiff need only make a prima facie showing of jurisdictional facts."[14]  In suits "sounding in tort," the Ninth Circuit follows a three-prong test to determine whether the court may exercise specific jurisdiction over an out-of-state defendant: (1) the defendant "purposefully directed" activities at the forum state; (2) the plaintiff's claims arise out of or relate to those forum-related activities; and (3) the exercise of jurisdiction "comport[s] with fair play and substantial justice."[15]  The Ninth Circuit analyzes purposeful direction with an "effects" test based on the Supreme Court's decision in *Calder v. Jones*.[16]  The *Calder* effects test requires that the defendant allegedly "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state."[17]

**B.    Sam & Ash hasn't shown that Sam Bernstein Law purposefully directed activities at the State of Nevada.**

Sam Bernstein Law argues that Sam & Ash has not shown and cannot show that it is subject to the general or specific personal jurisdiction of this court.  Sam Bernstein Law insists that it hasn't purposefully directed any activity at Nevada and that this suit doesn't arise from any contacts that it had with the state.[18]  It maintains that the cease-and-desist letter that it sent to

---

[13] *Mavrix Photo, Inc. v. Brand Tech., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011).

[14] *Schwarzenegger*, 374 F.3d at 802.

[15] *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002).

[16] *Schwarzenegger*, 374 F.3d at 803 (citing *Calder v. Jones*, 465 U.S. 783 (1984)).

[17] *Id.*

[18] ECF No. 22 at 9–12.

1  Sam & Ash also did not subject it to the personal jurisdiction of this court.[19]  Sam & Ash retorts

2  that Sam Bernstein Law is trying to "have its cake and eat it too" by disputing jurisdiction in

3  Nevada while arguing that it has a sufficient Nevada connection to justify an injunction in its

4  California suit.[20]  It apparently concedes that this court does not have general personal

5  jurisdiction, but it insists that it has specific personal jurisdiction over Sam Bernstein Law.[21]

6  And while Sam & Ash acknowledges that not all cease-and-desist letters can establish specific

7  personal jurisdiction, it insists that some, like the letter that Sam Bernstein Law sent, can.[22]

8         Sam Bernstein Law relies on the Ninth Circuit's decision in *Yahoo! Inc. v. La Ligue*

9  *Contre Le Racisme Et L'Antisemitisme* to support its assertion that the cease-and-desist letter

10  cannot establish specific personal jurisdiction.[23]  In that case, the chairman of the French student

11  group LICRA sent a cease-and-desist letter to the California headquarters of Yahoo!, threatening

12  legal action if Yahoo! did not stop the sale of "[N]azi objects" on its platform within eight

13  days.[24]  It then sued Yahoo! in a French court just five days later.[25]  Yahoo! later sued in the

14  Northern District of California, seeking a declaratory judgment that the French court's interim

15  orders were unenforceable in the United States.[26]  Though it ultimately determined that the

16  California court had specific personal jurisdiction over the out-of-state defendants, the en banc

17

18  [19] *Id.* at 10.

19  [20] ECF No. 30 at 8–9.

20  [21] *Id.* at 7.

   [22] *Id.* at 9.

21  [23] ECF No. 22 at 10 (citing *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433
    F.3d 1199 (9th Cir. 2006)).

22  [24] *Yahoo!*, 433 F.3d at 1202.

23  [25] *Id.*

   [26] *Id.* at 1204, 1216.

1  panel stressed that a "cease-and-desist letter is not in and of itself sufficient to establish personal

2  jurisdiction over the sender of the letter."[27]  It noted the "strong policy reasons to encourage

3  cease-and-desist letters" as a means of "informal dispute resolution."[28]  And the panel found that,

4  even though LICRA's letter "was not used to facilitate settlement," it alone didn't establish

5  personal jurisdiction because it was not "abusive, tortious or otherwise wrongful."[29]

6         As in *Yahoo!*, the cease-and-desist letter sent to Sam & Ash didn't, on its own, subject

7  Sam Bernstein Law to specific personal jurisdiction in this state.  The letter communicated that

8  Sam Bernstein Law believed the "In a crash? Call Sam & Ash" slogan infringed on its own

9  trademarked slogan and warned that it would seek an injunction if Sam & Ash did not stop using

10 the slogan within ten days, but it also expressed openness to a "reasonable transition period."[30]

11 The letter does not appear to be abusive, tortious, or otherwise wrongful.  And unlike LICRA,

12 Sam Bernstein Law did not file suit before the compliance date set by its own cease-and-desist

13 letter.  Rather, it was Sam & Ash who filed this suit a day before the deadline.[31]  So the *Yahoo!*

14 panel's conclusion that a cease-and-desist letter alone can't justify specific personal jurisdiction

15 applies here.  Sam & Ash disputes this conclusion with cases that show that cease-and-desist

16 letters can establish personal jurisdiction "even by themselves," but all of those cases are

17 unpublished district-court decisions that predate *Yahoo!,* so I don't find them persuasive.[32]

18

19

---

20 [27] *Id.* at 1208 (cleaned up).

21 [28] *Id.*

   [29] *Id.* at 1208–09.

22 [30] *See* ECF No. 22-13.

23 [31] *See* ECF No. 1.

   [32] *See* ECF No. 30 at 9–10.

"In any personal-jurisdiction case we must evaluate all of a defendant's contacts with the forum state, whether or not those contacts involve wrongful activity by the defendant."[33]  Sam & Ash asserts that the "totality of the circumstances" support specific personal jurisdiction because Sam Bernstein Law claimed to have a "reputation" in Nevada, pursued a United States Patent and Trademark Office (USPTO) proceeding to cancel the registration of Sam and Ash's slogan, and "threatened to seek an injunction."[34]  Sam & Ash never explains why a "claimed reputation" would satisfy any prong of specific personal jurisdiction.  As for the USPTO action, "[o]nly contacts occurring prior to the event causing the litigation may be considered" when determining specific personal jurisdiction.[35]  This suit was filed on November 14, 2024;[36] Sam Bernstein Law didn't file a petition for cancellation with the USPTO until January 9, 2025.[37]  So I do not consider the USPTO petition in evaluating purposeful direction.  All that remains of Sam & Ash's argument is Sam Bernstein Law's cease-and-desist letter—presumably the injunction threat that it references—which cannot alone cause jurisdiction to attach.

Additional specific-personal-jurisdiction arguments in Sam & Ash's opposition to dismissal rely on *Dawn Donut Co. v. Hart's Food Stores, Inc.*[38]  It points to that Second Circuit decision to argue that Sam Bernstein Law cannot pursue an injunction in Nevada if it doesn't have sufficient contacts with the state to support specific personal jurisdiction.[39]  But *Dawn*

---

[33] *Yahoo!*, 433 F.3d at 1207 (cleaned up).

[34] ECF No. 30 at 11–12.

[35] *Farmers Ins. Exch. v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 913 (9th Cir. 1990).

[36] *See* ECF No. 1 at 9.

[37] ECF No. 30-3 at 2.

[38] ECF No. 30 at 8–9 (citing *Dawn Donut Co. v. Hart's Food Stores, Inc.*, 267 F.2d 358 (2d Cir. 1959)).

[39] *See id.*

*Donut* is procedurally a poor fit. This court is not weighing the merits of an injunction request before a California court; it is evaluating whether it has specific personal jurisdiction over Sam Bernstein Law, an out-of-state defendant. *Dawn Donut* doesn't address the specific-personal-jurisdiction test that is relevant to the disposition of this motion.

Because Sam & Ash has not made a prima facie case of purposeful direction, it has not established that this court has specific personal jurisdiction over Sam Bernstein Law. So I grant Sam Bernstein Law's motion to dismiss for want of personal jurisdiction over this lone defendant.

### Conclusion

IT IS THEREFORE ORDERED that The Sam Bernstein Law Firm's motion to dismiss **[ECF No. 22] is GRANTED**. This case is dismissed without prejudice for want of personal jurisdiction. The Clerk of Court is directed to **CLOSE THIS CASE.**

_____
U.S. District Judge Jennifer A. Dorsey
May 28, 2025